**FILED**
**U.S. District Court**
**District of Kansas**
07/08/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE N. DELEON,

      **Plaintiff,**

      **v.**                            **CASE NO.  26-3123-JWL**

KANSAS PRISONER REVIEW
BOARD, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jose N. DeLeon is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed or stayed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

### I.  Nature of the Matter before the Court

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff has filed two motions seeking leave to proceed in forma pauperis.  (Docs. 5, 7.)  The Court issued a notice of deficiency (Doc. 6) ("NOD") directing Plaintiff to provide the financial information required to support his motion for leave to proceed in forma pauperis.  The deadline to respond to the NOD was July 6, 2026.  Plaintiff filed a motion (Doc. 8) seeking leave to file his financial information out of time. The Court grants the motion.  Given the current delays prisoners are experiencing in obtaining account statements, the Court grants Plaintiff provisional leave to proceed in forma pauperis. Plaintiff must, however, continue his attempts to obtain an account statement for the appropriate six-month period, and he must submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

1

Plaintiff claims that he was paroled from his 1978 conviction, was placed back in custody for a parole violation, and he has been continually passed for parole.  (Doc. 1, at 2.)  Plaintiff claims that under the pre-July 1, 1993 Sentencing Guideline Scheme, he was required to serve four years on parole under a Class B felony.  *Id*.

As Count I, Plaintiff alleges that he has been unlawfully restrained in violation of his liberty rights based on his parole officer's misstatement about Plaintiff being required to spend the rest of his life on lifetime parole.  *Id*. at 4.  As Count II, Plaintiff alleges that he has been unlawfully restrained in violation of his liberty rights based on the misinterpretation of the law by his parole officer and members of the Kansas Prisoner Review Board ("KPRB").  *Id*.  As Count III, Plaintiff alleges that Michelle Sullivan, the Sentence Computation Unit Administrator, has failed to amend prisoners' journal entries to reflect the days awarded under Senate Bill 14.  *Id*. at 5.  Plaintiff claims that the Secretary of Corrections is responsible for Sullivan's failure to amend the journal entries.  *Id*.

Plaintiff names as defendants:  the KPRB; Nancy Burghart, KPRB Administrator; Jane or John Doe, Parole Officer; and Jeff Zmuda, Secretary of Corrections, Kansas Department of Corrections.  Plaintiff seeks compensatory and punitive damages.  *Id*. at 6.

## II. Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d

1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. No Signature on Complaint

Plaintiff failed to sign his Complaint. (Doc. 1, at 6.) Rule 11 of the Federal Rules of Civil Procedure provides that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id*. The Court's Local Rules provide that complaints under 42 U.S.C. § 1983 must be submitted on the Court's official forms, and "must be in writing, signed, and verified (meaning sworn under penalty of perjury)." D. Kan. Rule 9.1(a). Plaintiff must submit a signed copy of his complaint by July 21,

4

2026.  Failure to submit a signed complaint by the deadline may result in dismissal of this matter without prejudice and without prior written notice.

### B. *Younger* Abstention

Plaintiff acknowledges that he has raised these issues in his pending state court action, citing Case No. RN-2026-000188.  (Doc. 1, at 5.)  That case was dismissed on May 19, 2026, and Plaintiff filed a notice of appeal on June 8, 2026.  *See DeLeon v. Zmuda*, Case No. RN-2026-CV-000188 (District Court of Reno County, Kansas).   Therefore, the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state court case remains pending.  Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).   Likewise, the third condition

would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see also Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages). Plaintiff should show good cause why this matter should not be dismissed or stayed based on *Younger* abstention.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 21, 2026,** in which to submit a signed complaint. Failure to comply by the deadline may result in dismissal of this matter without prejudice and without prior notice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file inmate account statement out of time (Doc. 8) is **granted.**

**IT IS FURTHER ORDERED** that the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff must continue his efforts to obtain the appropriate account statement and submit it to the Court for filing in this case as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 7, 2026,** in which to show good cause, in writing to the undersigned, why this matter should not be dismissed or stayed based on *Younger* abstention.

**IT IS SO ORDERED**.

**Dated July 8, 2026, in Kansas City, Kansas.**

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

7