**FILED**
**U.S. District Court**
**District of Kansas**
08/13/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSE N. DELEON,**

**Plaintiff,**

**v.** **CASE NO. 26-3123-JWL**

**KANSAS PRISONER REVIEW BOARD, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. On July 8, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") provisionally granting Plaintiff leave to proceed in forma pauperis. The Court directed Plaintiff to continue his attempts to obtain an account statement for the appropriate six-month period, and to submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee could be calculated and assessed. The Court has not received an account statement from Plaintiff.

The Court also found in the MOSC that Plaintiff failed to sign his Complaint. *See* Doc. 1, at 6. Rule 11 of the Federal Rules of Civil Procedure provides that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id*. The Court's Local Rules provide that complaints under 42 U.S.C. § 1983 must be submitted on the Court's official forms, and "must be in writing, signed, and verified (meaning sworn under penalty of perjury)." D. Kan. Rule 9.1(a). The MOSC provides that "Plaintiff must

submit a signed copy of his complaint by July 21, 2026. Failure to submit a signed complaint by the deadline may result in dismissal of this matter without prejudice and without prior written notice." (Doc. 9, at 5.) Plaintiff has failed to provide a signed complaint by the Court's deadline.

The Court also found that Plaintiff acknowledged that he has raised the same claims in state court and that those proceedings remain pending. *Id*. at 5–6. The Court granted Plaintiff until August 7, 2026, in which to show good cause why this matter should not be dismissed or stayed based on *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Plaintiff has failed to respond by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to submit a signed complaint by the Court's deadline and has failed to respond to the MOSC by the Court's deadline. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated August 13, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**