FILED
U.S. District Court
District of Kansas
08/26/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSE N. DELEON,**

**Plaintiff,**

**v.** **CASE NO. 26-3123-JWL**

**KANSAS PRISONER REVIEW BOARD, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). This case was dismissed under Fed. R. Civ. P. 41(b) on August 13, 2026. (Docs. 10, 11.) This matter is before the Court on Plaintiff's Motion to Alter or Amend (Doc. 12) filed on August 21, 2026.

On July 8, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") provisionally granting Plaintiff leave to proceed in forma pauperis. The Court directed Plaintiff to continue his attempts to obtain an account statement for the appropriate six-month period, and to submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee could be calculated and assessed.

The Court also found in the MOSC that Plaintiff failed to sign his Complaint and ordered that "Plaintiff must submit a signed copy of his complaint by July 21, 2026. Failure to submit a signed complaint by the deadline may result in dismissal of this matter without prejudice and without prior written notice." (Doc. 9, at 5.) The Court also found that Plaintiff acknowledged that he raised the same claims in state court and that those proceedings remain pending. *Id.* at 5–6. The Court granted Plaintiff until August 7, 2026, in which to show good cause why this matter

should not be dismissed or stayed based on *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 45 (1971).

Plaintiff failed to provide a signed complaint by the Court's July 21, 2026 deadline, and failed to respond to the MOSC by the Court's August 7, 2026 deadline. Therefore, on August 13, 2026, the Court entered a Memorandum and Order (Doc. 10) ("M&O") dismissing this case without prejudice under Fed. R. Civ. P. 41(b).

On August 21, 2026, Plaintiff filed a Motion to Alter or Amend (Doc. 12). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v.*

*HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff claims that he replied to the MOSC on July 2, 2026, by providing a response to the HCF librarian for e-filing. (Doc. 12, at 1.) He also claims that on July 7, 2026, he submitted his six-month account statement for e-filing. *Id.*

The Court's MOSC was entered on July 8, 2026. (Doc. 9.) It is unclear if Plaintiff's response submitted for e-filing at HCF on July 2, 2026, was in response to the Court's Notice of Deficiency entered on June 3, 2026. It could not have been in response to the MOSC because the MOSC was not entered as of that date. Plaintiff's motion to alter or amend includes no response to the MOSC and no signed complaint. Instead, he suggests that he submitted his six-month account statement. The dismissal in this case was not based on the failure to submit Plaintiff's account statement. The Court provisionally granted Plaintiff leave to proceed in forma pauperis and advised Plaintiff to submit his account statement "as soon as he is able to do so." (Doc. 9, at 1.)

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). He has not submitted a signed complaint and has failed to respond to the Court's MOSC. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its August 13, 2026 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend (Doc. 12) is **denied.**

**IT IS FURTHER ORDERED** that the Court's dismissal of this matter remains in effect. The Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated August 26, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**